# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**LEON HAWKINS,**

    **Plaintiff,**

v.                                                                 No.     1:25-cv-01107-JDB-jay

**MTD PLANT;**
**MILAN BOX;**
**EAGLE INN; and**
**RON CARPERTER, JR.,**
*also known as Rod Carperter, Jr.;*

    **Defendants.**

## REPORT AND RECOMMENDATION

On April 24, 2025, Plaintiff Leon Hawkins filed this action, along with a motion to proceed in forma pauperis, in the United States District Court for the Western District of Michigan. (Docket Entries ["D.E."] 1, 2.) The Western District of Michigan transferred this matter to this Court pursuant to 28 U.S.C. § 1406(a). (D.E. 6.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. It is recommended that Hawkins's case be dismissed pursuant to 28 U.S.C. § 1915(e), and Hawkins's motion to proceed forma pauperis be DENIED as moot. It is further recommended that Hawkins be enjoined from making further filings in this Court without obtaining prior approval.

I.

A litigant may commence a civil action in federal court without paying the administrative costs of the lawsuit, when the litigant demonstrates he is unable to pay court costs and fees. 28

1

U.S.C. § 1915(a). A district court may, however, dismiss such a complaint if it is frivolous, it fails to state a claim upon which relief can be granted, or it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, ... a formulaic recitation of the elements," or "naked assertions ... without further factual enhancement." *Id.* at 555, 557 (citations omitted). Rather, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.*, 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

A "frivolous" claim, subject to dismissal under § 1915(e)(2)(B)(i), is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. Such claims are described as "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 327–28.

In applying these standards, the Court also considers that the pleadings of *pro se* litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Further, if at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.

This lawsuit is the latest lawsuit in Hawkins's litigation campaign against those he seeks to hold responsible for alleged wrongs he and his wife may have suffered at the hands of a broad cast of characters. Hawkins names Milan Box, MTD, Eagle Inn, and Pastor Rod Carperter, Jr., as Defendants in this action. (D.E. 1 at 1-2, § I.B.) Hawkins invokes both the Court's federal question and diversity jurisdiction. (*Id*. at 3, § II.) Hawkins describes his claim as "[C]onstitution under agenda as a human being entitle suffre. Civil under agenda as a human being entitle pain & sufe privacy under agenda as a human being watch by violated by [indiscernible]". (*Id*. at 4, § III.) In terms of the relief he seeks, Hawkins requests:

> I want the federal judge to grant civil suit. I loss four in the South deinide Any time you "know that you planed to violated these people under there agenda. Under

> M.L.K. in the state he was assisanative in you" didn't care there rights you" planed to treat my wife an me as slave sergergaded

(*Id*. at § IV.)

Hawkins attached an additional page to his Complaint that reads:

> Transcript of M.L.K. I have a Dream" speech delivered on August 28, 1963 on the steps of the Lincoln Memorial helded create Civil Rights Acot of 1964 and the Voting Rights Act of 1965 ending racial segregation in the United injustice anywhere is a threat to justice everywhere we know through painful experience that Freedom is never voluntarily given by the oppresson. It must be demanded by the oppressed M.L.K. Jr NAACP. First Amendment specifically protect Freedom of speech from government interference civil rights on the other hand are legal protection against discrimination and ensure equal Justice. **Those people like Rod Carperter, Pastor Paul Jennking Paster Lylord Curry Brasfield Kassandra Brasfield Erenestine Hawkins Priscille Fry Simone Fry Corneilius Hawkins Tammy Hawkins Eric Hawkins Naesail Hawkins. My wife was put out of her house with been evicted out those people was behind a lot civil & consutation toward my wife violated.**

(*Id*. at 6) (emphasis added.)

It is unclear what the nature of Hawkins's claims are; however, it is very clear that he is, once again, making allegations concerning his wife being evicted and made homeless. This Court has previously dismissed lawsuits Hawkins has brought based upon his wife's alleged eviction and homelessness. *See e.g., Hawkins v. Judge Moore, et al.*, 1:25-cv-01007-STA-jay (W.D. Tenn. dismissed March 3, 2025); *Hawkins v. Pastor Lylod, et al.*, 1:25-cv-01008-JDB-jay (W.D. Tenn. dismissed March 28, 2025); *Hawkins v. Jackson Police Department*, 1:25-cv-01009-STA-jay (W.D. Tenn. dismissed March 3, 2025). This Court has specifically prohibited Hawkins from bringing any further actions concerning his wife, stating:

> Based on Plaintiff's multiple attempts to litigate the issues alleged in this action, he is hereby ORDERED to refrain from filing in this Court any further cases concerning the following issues: any and all claims involving the order of protection that was entered against him concerning his wife, his incarceration in 2021–22, his wife being assaulted, his wife becoming missing, and Hawkins becoming homeless. Should Plaintiff persist in filing any future lawsuits involving

these issues, the Court warns Hawkins that it is likely to impose pre-filing restrictions or other sanctions to deter future abusive or vexatious conduct.

*Hawkins v. Pastor Lylod, et al.,* 1:25-cv-01008-JDB-jay, Order Adopting Report and Recommendation , Dismissing Case, and Ruling on Appellate Issues, at 3 (W.D. Tenn. March 28, 2025); *see also Hawkins v. Judge Moore, et al.*, 1:25-cv-01007-STA-jay, Order Adopting Magistrate Judge's Report and Recommendation, Order of Dismissal, and Order on Appellate Issues, at 2-3 (W.D. Tenn. March 3, 2025); *Hawkins v. Jackson Police Department*, 1:25-cv-01009-STA-jay, Order of Dismissal, and Order on Appellate Issues, at 2–3  (W.D. Tenn. March 3, 2025). Hawkins's present lawsuit is exactly the type of claim that this Court has explicitly warned him against bringing in three separate cases.

III.

Although the public has a constitutional right to access the federal courts, it is well-settled that the Court has the authority to restrict litigants from repeatedly filing frivolous matters without first obtaining the court's permission. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991); *Jones v. Kolb*, 91 F. App'x 367, 369 (6th Cir. 2003). Indeed, the Court has a "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice." *Porter v. D+C Revocable Fam. Tr.*, No. 23-40170-MRG, 2024 WL 967575, at *2 (D. Mass. Mar. 6, 2024) (citation omitted).

The Sixth Circuit has specifically determined that restricting such parties from filing documents without the court's prior approval is an appropriate means of addressing the potential waste of judicial resources caused by litigants who have engaged in a pattern of frivolous filings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). A prefiling review requirement "assure[s] that claims are not frivolous or harassing," and such a requirement is appropriate when a litigant has demonstrated a pattern of

repetitive or vexatious litigation, particularly where "a litigant is merely attempting to collaterally attack prior unsuccessful suits." *Raimondo v. United States*, No. 21-10854, 2022 WL 3581144 (E.D. Mich. Aug. 19, 2022); *see also Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

Between the present case, the three prior cases referenced above, and the eight other cases[1] Hawkins has brought in this Court that have also been dismissed, he does not make a single plausible allegation. All, or nearly all, of the deficiencies in Hawkins's latest complaint were present in the prior case filings. Hawkins was also specifically warned that if he continued to file lawsuits involving issues such as the one presented in his latest lawsuit, the Court was likely to impose pre-filing restrictions or other sanctions to deter future abusive or vexatious conduct. A few weeks after being warned by this Court in three separate Orders of Dismissal not to bring new lawsuits involving claims concerning his wife among other issues, Hawkins bought another such lawsuit in a different jurisdiction. It is also noteworthy that Hawkins has demonstrated a pattern of filing lawsuits, receiving leave to proceed in forma pauperis, then changing his address without notifying the Court of his new address and failing to respond to show cause orders or lodging any objections to report and recommendations that has lawsuit be dismissed. There is no indication,

---

[1] *See Hawkins v. Martin Police Department, et al.*, 1:22-cv-01164-STA-jay (W.D. Tenn. Aug. 2, 2023); *Hawkins v. Carpenter, Jr., et al.*, 1:23-cv-01269-JDB-jay (W.D. Tenn. Mar. 5, 2024); *Hawkins v. Caperter, et al.*, 1:24-cv-01018-JDB-jay (W.D. Tenn. Mar. 5, 2024).; *Hawkins v. Owens*, 1:24- cv-01245-JDB-jay (W.D. Tenn. February 7, 2025); *Hawkins v. Eagle Inn, et al.*, 1:24-cv-01246-JDB-jay (W.D. Tenn. March 28, 2025); *Hawkins v. First Financial Credit Union, et al.*, 1:24-cv-01252- JDB-jay (W.D. Tenn. March 27, 2025); *Hawkins v. Moore, et al.*, 1:24-cv-01252 (W.D. Tenn. March 3, 2025); *Hawkins v. Bond*, 1:25-cv-01012-STA-jay (W.D. Tenn. March 3, 2025).

however, that Hawkins did not receive the Orders of Dismissal referenced above, as he mentioned in his latest lawsuit that he has previously "los[t] four in the South."[2] (D.E. 1 at § IV.)

Accordingly, Hawkins's conduct demonstrates a pattern that is likely to continue, and that the nature of the pattern is sufficient to justify a permanent injunction prohibiting him from making any future filings in this Court without obtaining prior approval. Considering that the warning from, and dismissal of, the prior cases had no deterrent effect whatsoever, a permanent injunction is the only sanction that would adequately address Hawkins's frivolous filings and prevent him from further wasting judicial resources.

IV.

For the reasons stated above, it is recommended this case be DISMISSED WITH PREJUDICE, and Plaintiff Leon Hawkins's in forma pauperis motion be DENIED AS MOOT. It is further recommended that Hawkins be declared a vexatious litigant and that he be enjoined from filing any new petitions or complaints in this Court, or from submitting any new filings in any cases in this Court that have been closed, without first seeking and obtaining the Court's permission to file.

Respectfully submitted, this, the 30th day of April 2025.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.** *SEE* **28 U.S.C. § 636(b)(1); LOCAL RULE 72.1(g)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2] Hawkins, in fact, has lost all eleven of his lawsuits brought in this Court.